United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.C.,<br>          Plaintiff,<br>   v.<br>CITY OF RICHMOND,<br>          Defendant. | Case No. 18-cv-06166-KAW<br><br>**ORDER GRANTING MOTION TO DISMISS**<br>Re: Dkt. No. 14 |

On October 8, 2018, Plaintiff D.C. filed the instant civil rights suit against Defendant City of Richmond ("the City") and Doe Defendants, asserting unconstitutional use of force. (Compl. ¶ 1, Dkt. No. 1.) On January 28, 2019, the City filed a motion to dismiss the *Monell* claim. (Def.'s Mot. to Dismiss, Dkt. No. 14.) The Court deems the matter suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b) and VACATES the hearing set for March 21, 2019. Having reviewed the parties' filings and legal authority, the Court GRANTS the City's motion to dismiss.

### I. BACKGROUND

Plaintiff alleges that on February 2, 2018, Plaintiff was walking home from school with a friend. (Compl. ¶ 14.) As Plaintiff and his friend turned onto a footpath, he noticed a police SUV shining its high beam lights in his direction. (Compl. ¶ 15.) Plaintiff continued walking when without warning, Richmond police officers stepped out of the SUV and immediately aimed their guns at the boys. (Compl. ¶ 16.) A Richmond police officer then pursued the two boys with his SUV, and intentionally struck Plaintiff with the vehicle. (Compl. ¶¶ 17-18.) Plaintiff hit the SUV window, breaking it in the process, and was knocked unconscious. (Compl. ¶ 18.) After Plaintiff regained consciousness, the officers instructed him to get into an ambulance. (Compl. ¶ 19.)

Plaintiff then filed the instant action, asserting: (1) a 42 U.S.C. § 1983 claim for unlawful seizure in violation of the Fourth Amendment; (2) a § 1983 claim for excessive force in violation of the Fourth Amendment; (3) a § 1983 claim for denial of medical care in violation of the Fourth Amendment; (4) a § 1983 claim for municipal liability under *Monell*; (5) violation of California Civil Code § 52.1; (6) battery; (7) intentional infliction of emotional distress; and (8) negligence. All but the *Monell* claim are alleged solely against Doe Defendants.

With respect to *Monell*, Plaintiff alleges that the City breached its duty of care by failing to discipline the Doe Defendants, and that the failure to discipline "demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate indifference the making of improper detentions and arrests, the use of excessive force and the fabrication of official reports to cover up . . . misconduct." (Compl. ¶ 24.) Plaintiff also alleges that the Doe Defendants "engaged in a repeated pattern and practice of using excessive, arbitrary and/or unreasonable force against individuals, including, but not limited to Plaintiff." (Compl. ¶ 25.) Further, the City allegedly "knew or had reason to know by way of actual or constructive notice of the aforementioned policy, culture, pattern and/or practice and the complained of conduct and resultant injuries/violations." (Compl. ¶ 26.) Finally, Plaintiff challenges particular "official recognized" customs, policies, and practices, including: (1) the employment of police officers who were known to have "dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written City Police Department policies;" (2) inadequate supervision, training, controlling, assigning, and disciplining of police officers; (3) "maintaining grossly inadequately procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct" of officers; (4) failing to discipline officer conduct; (5) ratifying intentional misconduct of officers; (6) "having and maintaining an unconstitutional policy, custom and practice of arresting individuals without probable cause or reasonable suspicion, and using excessive force;" and (7) "failing to properly investigate claims of unlawful seizures and excessive force." (Compl. ¶ 52.)

The City filed the instant motion to dismiss the *Monell* claim. (Def.'s Mot. to Dismiss, Dkt. No. 14.) On February 11, 2019, Plaintiff filed his opposition. (Plf.'s Opp'n, Dkt. No. 15.)

On February 19, 2019, the City filed its reply. (Def.'s Reply, Dkt. No. 16.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

Generally, if the court grants a motion to dismiss, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by

3

1 the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

### III. DISCUSSION

"A government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Thus, "local governments are responsible only for their own illegal acts and are not vicariously liable under § 1983 for their employee's actions." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (internal quotation and modifications omitted). To establish *Monell* liability, a plaintiff must prove: "(1) that the plaintiff possessed a constitutional right of which she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *Dougherty*, 654 F.3d at 900 (internal quote and modification omitted).

In pleading a *Monell* claim, "allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Additionally, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

Here, Plaintiff fails to allege specific facts in support of his *Monell* claim. First, Plaintiff alleges no specific facts regarding the policies at issue. Indeed, Plaintiff's opposition provides more specificity, explaining that the City has a policy requiring officers "to demonstrate proficiency in using appropriate force during encounters with citizens," which the individual Defendants violated. (Plf.'s Opp'n at 4.) Even this allegation, however, is insufficient because it suggests that Defendants failed to follow a city policy requiring the use of appropriate force, not that the policy itself amounts to deliberate indifference or that it was the moving force behind the violation. Violation of a constitutionally sound policy is not sufficient to support a *Monell* claim.

4

*See Box v. Miovas*, Case No. 12-cv-4347-VC, 2015 WL 1927317, at *7 (N.D. Cal. Apr. 28, 2015) (finding that the plaintiff's allegations "impl[y] the City had a policy requiring officers to file use of force and offense reports, but Savage did not comply with that policy. This cannot form the basis of a *Monell* claim."); *Klahn v. Alameda Cty. Sheriff's Dep't*, Case No. 16-cv-833-JCS, 2017 WL 2021370, at *8 (N.D. Cal. May 12, 2017) (dismissing *Monell* claim where the allegations "establish that officers violated Alameda County's policies and, as a result, that the alleged violations were committed by individuals, not a municipality"); *Garcia v. Moreno Valley Police Dep't*, Case No. EDCV 17-1217 SVW (SS), 2018 U.S. Dist. LEXIS 220772, at *48 (C.D. Cal. Nov. 19, 2018) (granting summary judgment in favor of county where the "evidence shows that the county has policies implementing *Miranda's* requirements").

Additionally, Plaintiff fails to allege specific facts that would show that a policy or custom exists, as Plaintiff cites to only one alleged incident of unconstitutional conduct by the Doe Defendants. "One occurrence, even if probable, does not a custom make." *Cardenas v. Cty. of Alameda*, Case No. 16-cv-5205-WHA, 2017 WL 1650563, at *3 (N.D. Cal. May 2, 2017) ("even if County officers' conduct during the search of plaintiffs' home were unconstitutional, the complaint fails to demonstrate sufficient duration and consistency for the alleged conduct to establish a customary practice within the meaning of *Monell*"); *see also Franklin v. City of San Leandro*, Case No. 17-cv-789-HSG, 2017 WL 5665656, at *2 (N.D. Cal. Nov. 27, 2017) (dismissing *Monell* claim where "[t]he FAC speaks only to alleged unconstitutional conduct by individual defendants in handling one K9 officer"); *Davis v. City of San Jose*, Case No. 14-cv-2035-BLF, 2014 WL 2859189, at *10 (N.D. Cal. June 20, 2014) ("there are equally no facts alleged concerning a pattern of *repeated* violations that would give the City fair notice to enable it to defend itself properly").

Further, to the extent Plaintiff alleges that the City "ratif[ied] the intentional misconduct of Defendants and other officers," Plaintiff again alleges no facts. Plaintiff does not explain how the ratification occurred, or "provide any factual support showing that anyone knew of the allegedly unconstitutional conduct." *Cardenas*, 2017 WL 1650563, at *4.

Finally, while Plaintiff alleges that "the aforementioned policies and practices" caused

Plaintiff to be severely injured, the complaint "is devoid of any specific facts suggesting that Plaintiff's constitutional rights were violated by an official municipal policy or widespread practice . . . ." *Franklin*, 2017 WL 5665656, at *2.

Accordingly, the Court concludes that Plaintiff has failed to adequately allege his *Monell* claim, and GRANTS the City's motion to dismiss that claim. The Court finds, however, that amendment is not futile, and gives Plaintiff leave to amend.

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS the City's motion to dismiss the *Monell* claim. Plaintiff may file an amended complaint within thirty days of the date of this order.

IT IS SO ORDERED.

Dated: March 19, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge